

MAR 1 4 2024

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# UNITED STATES DISTRICT COURT

for the

District of Alaska ▼

Civil Division

|  |  |
|---|---|
| Mattila, Lonny P. | Case No. 3:24-CV-00056-SLG )<br>*(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)* | Jury Trial: *(check one)* ✔ Yes ☐ No |
| –v– | |
| (See Attached) | |
| *Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Mattila, Lonny P. |
| Street Address | 3474 N. Brocton Ave. #1 |
| City and County | Wasilla, Mat-Su Burrough |
| State and Zip Code | Alaska 99654 |
| Telephone Number | (907) 206-1314 |
| E-mail Address | lonnymattila@gmail.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

## Defendants

Lonny P. Mattila,

      Plaintiff,

    V.

City of Wasilla

City of Wasilla Police Officer Burtch, David

City of Wasilla Police Officer Cheek, Robert

City of Wasilla Police Officer Moyer, Caleb

City of Wasilla Police Officer Clauson, Michael

City of Palmer

City of Palmer Police Detective Clark, Richard

      Defendants,

Defendant No. 1

|  | |
|---|---|
| Name | City of Wasilla |
| Job or Title *(if known)* | City Clerk |
| Street Address | 290 E. Herning Ave. |
| City and County | Wasilla, Mat-Su Burrough |
| State and Zip Code | Alaska, 99654 |
| Telephone Number | 907-373-9090 |
| E-mail Address *(if known)* | |

Defendant No. 2

|  | |
|---|---|
| Name | Burtch, David |
| Job or Title *(if known)* | City of Wasilla Police Officer |
| Street Address | 290 E. Herning Ave |
| City and County | Wasilla, Mat-Su Burrough |
| State and Zip Code | Alaska, 99654 |
| Telephone Number | 907-373-9010 |
| E-mail Address *(if known)* | |

Defendant No. 3

|  | |
|---|---|
| Name | Cheek, Robert |
| Job or Title *(if known)* | City of Wasilla Police Officer |
| Street Address | 290 E. Herning Ave. |
| City and County | Wasilla, Mat-Su Burrough |
| State and Zip Code | Alaska, 99654 |
| Telephone Number | 907-373-9010 |
| E-mail Address *(if known)* | |

Defendant No. 4

|  | |
|---|---|
| Name | Moyer, Caleb |
| Job or Title *(if known)* | City of Wasilla Police Officer |
| Street Address | 290 E. Herning Ave. |
| City and County | Wasilla, Mat-Su Burrough |
| State and Zip Code | Alaska, 99654 |
| Telephone Number | 907-373-9010 |
| E-mail Address *(if known)* | |

Defendant No.5

| | |
|---|---|
| Name | Clauson, Michael |
| Job or Title *(if known)* | City of Wasilla Police Officer |
| Street Address | 290 E. Herning Ave. |
| City and County | Wasilla, Mat-Su Burrough |
| State and Zip Code | Alaska, 99654 |
| Telephone Number | 907-373-9010 |
| E-mail Address *(if known)* | |

Defendant No.6

| | |
|---|---|
| Name | City of Palmer |
| Job or Title *(if known)* | City Clerk |
| Street Address | City Hall 231 W. Evergreen Ave. |
| City and County | Palmer, Mat-Su Burrough |
| State and Zip Code | Alaska, 99645 |
| Telephone Number | 907-745-1301 |
| E-mail Address *(if known)* | |

Defendant No.7

| | |
|---|---|
| Name | Clark, Richard |
| Job or Title *(if known)* | City of Palmer Police Detective |
| Street Address | 423 S. Valley Way |
| City and County | Palmer, Mat-Su Burrough |
| State and Zip Code | Alaska, 99645 |
| Telephone Number | 907-745-4811 |
| E-mail Address *(if known)* | |

Defendant No.8

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question               ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 USCS Section 1983, Fourth Amendment, Eighth Amendment, Fourteenth Amendment

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

   a.     If the plaintiff is an individual

      The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

   b.     If the plaintiff is a corporation

      The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

      and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

   a.     If the defendant is an individual

      The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

      b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain):*

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(See Attached)

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1)    On February 6th of 2022, the plaintiff Lonny Mattila was arrested by Wasilla PD in a joint

effort with Palmer PD Detective Richard Clark, for outstanding warrants.  Shortly after the

officers arrived on scene the plaintiff Lonny Mattila called 911 and requested a state trooper

supervisor be present before he surrendered and exited the vehicle.


2)    The plaintiff Lonny Mattila had already been assaulted multiple times by the Palmer

police, and had false charges brought up against him to cover up their gross misconduct, and

had an attempt to arrest him which was an illegal search and seizure, and multiple additional

false charges alleged in that incident as well.


3)    And unbeknownst to the plaintiff Lonny Mattila at the time, on account of a one Jeff

Ford who was a friend of the plaintiff Lonny Mattila, was attempting to capitalize on the prior

incidents with Palmer PD, had "informed" the palmer police that the plaintiff Lonny Mattila was

terminally ill with a brain infection, and had "confided in him" the Mr. Mattila was actively

hunting for officer Lynch of the Palmer PD who assaulted the plaintiff Lonny Mattila and filed

false charges to cover his misconduct, with the intent of murdering him.


4)    Jeff Ford had also additionally fabricated a story that the plaintiff Lonny Mattila had also

"confided in him", since Mr. Mattila was terminally ill, he intended to "commit suicide by cop".

This was all completely fabricated, in hopes that the plaintiff Lonny Mattila would be killed

when he was arrested.  Jeff Ford did this as he was attempting to rip off the plaintiff Lonny

Mattila on a sales contract and hoping the police would kill Mr. Mattila when they arrested him.

5)      As stated, the plaintiff Lonny Mattila was unaware of any of this "informing" on him by

Jeff Ford, or that the officers on the scene were operating under these assumptions verified by

the hearsay testimony being included in multiple police reports, but the plaintiff Lonny Mattila

was aware that the officers were acting very aggressive, and appeared more like they were

there to kill him than arrest him, and the plaintiff Lonny Mattila did not feel safe surrendering to

them without a state trooper to supervise his arrest that he not be assaulted again by the police

or even killed as it appeared the officers intended to.

6)      While the plaintiff Lonny Mattila was talking on the phone with the 911 operator, waiting

for a state trooper supervisor, and was complying with all commands of the officers except the

exiting of the vehicle and rolling down the window, Officer Burtch began throwing large rocks

through the Mr. Mattila's back window of his truck.  The police report says "a rock was thrown"

in order to prepare for chemical munitions, but the video clearly shows that officer Burtch

threw 10 large, approximately baked potato sized rocks, and multiple rocks were continued to

be thrown after the window was breached if that was the intended purpose.

7)      The video also clearly shows that the rocks were aimed at the plaintiff Lonny Mattila's

person, as a majority of the rocks were aimed at the driver's side of the vehicle, and Mr. Mattila

was physically hit with two of the rocks.  Once in the head, and once in the shoulder, and one

rock hit the seat backrest just below the plaintiff Lonny Mattila's head.

8)      Officer's Moyer, Clauson, Cheek, and Clark, not only allowed this gross misconduct to

continue for several minutes, failing to protect the plaintiff Lonny Mattila's constitutional

protected right to be free from this sort of un-justified violent and deadly force, the officer's

also worked in collusion with officer Burtch to falsify their police reports to make it appear that

the plaintiff Lonny Mattila was acting in a violent manner and making threatening statements

against the officers on the scene.


9)      The video and 911 audio clearly prove this is not the case, and the plaintiff Lonny Mattila

believes the officers on the scene who were operating under the assumption that the plaintiff

Lonny Mattila was intending to become a "cop killer" and intending to "commit suicide by cop",

were not attempting to arrest him, but were acting in a manner that was intended to cause the

plaintiff Lonny Mattila to behave in a fashion that they could justify killing him.


10)     The city of Wasilla which employs officers Burtch, Moyer, Cheek, and Clauson, and the

city of Palmer which employs detective Clark, have failed to even respond to the complaints of

this gross misconduct, let alone take any sort of disciplinary action, and continue the conspiracy

and collusion to cover up this gross violation of Mr. Mattila's constitutional protected rights.


11)     The Cities of Wasilla and Palmer ( hereon now referred to as the "City or Cities") which

employs these officers should also be held accountable for its failure to train and supervise

them with respect to a procedure as routine and frequent as the arrest of a person who may

not be fully compliant out of concern for their safety, but is not acting in a threatening manner

or creating a dangerous situation which the City could fully expect its officers to encounter over the course of their careers. Yet this failure is no wonder, given the City's track record of failing to discipline its officers when they use excessive force.

12)      Consistent with that pattern, the City could not be bothered to investigate Officer Burtch's use of excessive force even after Mr. Mattila filed a formal complaint against him with the Alaska Police Standards Counsel.  The unnecessary and abusive use of force in this case, the indifference with which the dignity and basic constitutional protected rights against excessive deadly force were regarded, and the City's deliberate failure to train, supervise and discipline such conduct reinforce a history of distrust between the police and the communities they are charged to serve and protect.  This leaves citizens fearful of seeking assistance from the police, even when they are the wronged party.  Accountability is necessary to restore this trust. Excessive force is no less unconstitutional when it results from abusive handcuffing as opposed to the end of a pistol or a knee to the neck and there is no justification for a peaceful even if not fully compliant citizen, to be hit in the head with a large rock while on the phone with the 911 operator waiting for a state trooper to supervise his arrest due to his concerns to safety of all involved due to very his recent history with police assaulting him and filing false charges against him to cover up their misconduct, and the nature of the overly aggressive actions of the officers on the scene.

13)      Officer Burtch and the bystander officers who failed to intervene should be held jointly and severally liable for using excessive force on Mr. Mattila.  So too should the Cities of

Wasilla and Palmer be held liable for failing to train, supervise and discipline its officers in their use of excessive and deadly force.

14) Defendant David Burtch is a person of majority domiciled in the State of Alaska. At all times pertinent and relevant to this action, Burtch was employed as police officer by the City of Wasilla, Alaska and at all times mentioned herein acted in the course and scope of his employment and under color of law. Officer Burtch is sued in his individual capacity.

15) Defendants Robert Cheek, Caleb Moyer, Michael Clauson, and Richard Clark (collectively, "Bystander Officers") were, at all times pertinent and relevant to this action, employed as police officers by the City of Wasilla, Alaska and City of Palmer, Alaska and at all times herein mentioned acted in the course and scope of their employment and under color of law. Defendant Bystander Officers are sued in their individual capacities.

16) Defendant City of Wasilla, Alaska is a municipal corporation organized and existing under the laws of the State of Alaska with the ability to sue and be sued within the State of Alaska. Defendant City at all times pertinent and relevant to this action employed Defendants Burtch and Bystander Wasilla PD Officers. Defendant City was responsible for the hiring, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of the Wasilla Police Department and its officers, including Defendants Burtch and the Bystander Officers. As such, Defendant City was the final policy maker for the

Wasilla Police Department in the areas of law enforcement and training, supervision, and

discipline of police officers.

17)     Defendant City of Palmer, Alaska is a municipal corporation organized and

existing under the laws of the State of Alaska with the ability to sue and be sued within the

State of Alaska. Defendant City at all times pertinent and relevant to this action employed

Defendant Clark who was a Bystander Officer. Defendant City was responsible for the hiring,

training, supervision, discipline, administration, policies, customs, practices, operations,

management and control of the Palmer Police Department and its officers, including Defendants

Clark as a Bystander Officer.  As such, Defendant City was the final policy maker for the Palmer

Police Department in the areas of law enforcement and training, supervision, and discipline of

police officers.

18)     Defendants are liable jointly, severally, and in solido for the intentional,

excessive, and otherwise unconstitutional and tortious conduct set forth in this complaint.

(See Attached)

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          03/11/2024

Signature of Plaintiff

Printed Name of Plaintiff     Mattila, Lonny P.

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

IV.  Relief

1)      Defendants Burtch and Bystander Officers, jointly and severally, deprived plaintiff Lonny

Mattila of clearly established rights secured to him under the United States Constitution

specifically the Fourth, Eighth, and Fourteenth Amendment rights to be free from unreasonable

seizures and to be free from the use of excessive force against one's person.


2)      Defendant Burtch's excessive use of deadly force in throwing large rocks through the

back window of Mr. Mattilas truck was unreasonable.  As the video and 911 audio recordings

prove beyond any reasonable doubt, Mr. Mattila posed no threat or danger to the arresting

officer or anyone else; and was not resisting arrest or attempting to flee.  The resisting arrest

charge of the original charges was dismissed by the court for lack of probable cause.  Mr. Mattila

was simply at worse case scenario not fully compliant, and given the full circumstances

understandably concerned for all involved safety, and simply waiting for a State Trooper

supervisor to arrive to supervise his safe and uneventful arrest.


3)      Officers Robert Cheek, Caleb Moyer, Michael Clauson, and Richard Clark (here on out

referred to as "Defendant Bystander Officers") were present at the scene of the violation of

Mr. Mattilas' constitutional rights. They witnessed the use of excessive deadly force by

Defendant Burtch against Mr. Mattila.  Though they had a reasonable opportunity to intervene

in order to prevent or mitigate this violation of Mr. Mattila's right to be free from unjustified

deadly force, they chose not to.

4) Defendant Bystander Officers failed to take any action to prevent harm to Mr. Mattila, and thereby proximately caused excessive deadly force to be inflicted upon Mr. Mattila that resulted in a constitutionally-actionable injury. Defendant Bystander Officers are jointly and severally liable along with Defendant Burtch for Mr. Mattila's injuries.

5) Any reasonable police officer in the position of Defendant Burtch or Defendant Bystander Officers would have known that the force being used against Mr. Mattila was unconstitutional.

6) Any reasonable police officer in the position of Defendant Burtch or Defendant Bystander Officers would have known that they had a duty to take reasonable measures to prevent harm to Mr. Mattila.

7) Defendants' conduct resulted in emotional and psychological injury to Mr. Mattila. Since his arrest, Mr. Mattila has experienced emotional and psychological injuries, including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

8) Defendants' conduct was the moving force and the proximate and producing cause of the aforementioned injuries.

9)      Due to the injuries suffered by Mr. Mattila, he is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial. He may continue to incur other expenses and other special damages, in amounts to be established at trial.

10)      Mr. Mattila is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

11)      In depriving Mr. Mattila of his rights under the United States Constitution, Defendant Burtch and Bystander Officers acted under color of law in their respective capacities as Wasilla and Palmer police officers, and their actions and omissions were conducted within the scope of their respective official duties or employment. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

42 U.S.C. § 1983 – Failure to Train and Supervise

(As to Defendant City of Wasilla)

12)      Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

13)      The Wasilla Police Department is a department within the City of Wasilla, a named Defendant in this case.

14)     At all times relevant to this action, Defendant City had policymaking authority and

otherwise controlled the training and supervisory practices of the Wasilla Police Department.

15)     Defendant City has a policy, practice and custom of failing to train and supervise police

officers with respect to a clear constitutional duty implicated in a recurrent situation that police

officers are certain to face—i.e., a simply non-compliant arrestees who pose no threat or risk of

flight.

16)     Defendant City should have known that Wasilla Police Department officers would be

placed in such a situation. Defendant City should have known that, in such a situation, its

officers have a clear constitutional duty to avoid excessive and deadly force in the action of

arresting such a person. Defendant City should have known that its officers would lack the legal

knowledge necessary to avoid the application of excessive and deadly force in that situation

without training and supervision, including on the issue of arresting an otherwise non-

threatening suspect who is only partially non-compliant to their full demands.

17)     Upon information and belief, officers employed by Defendant City have a history of

numerous complaints related to excessive force. This pattern of violations made plainly obvious

the need for training and supervising officers on how to avoid using excessive deadly force

during routine arrests.

18)     Through the adoption of this policy, practice and custom of failing to train and supervise its police officers to prevent the use of excessive and deadly force, Defendant City acted with deliberate indifference to the clearly established rights secured to Mr. Mattila under the United States Constitution, specifically the Fourth Amendment rights to be free from unreasonable seizures and the use of excessive force against one's person.

19)     By engaging in acts of excessive force against Mr. Mattila that resulted in injuries to his person, Defendant Burtch was acting pursuant to, and within the scope of, Defendant City's Policies, practices and customs of failing to train and supervise Wasilla Police Department officers.

20)     By failing to intervene to prevent acts of excessive deadly force against Mr. Mattila that resulted in injuries to his person, Defendant Bystander Officers were acting pursuant to, and within the scope of, Defendant City's policies, practices and customs of failing to train and supervise Wasilla Police Department officers.

21)     Defendant City's policies, practices and customs of failing to train and supervise Wasilla Police Department officers were the moving force and the proximate and producing cause of Mr. Mattila's injuries.

22)     Due to the injuries suffered by Mr. Mattila, he is entitled to compensatory, economic,

and consequential damages, in amounts to be determined at trial. As a further result of

Defendants' unlawful conduct, Mr. Mattila may continue to incur other expenses and

other special damages, in amounts to be established at trial.


23)     Mr. Mattila is further entitled to attorneys' fees and costs pursuant to 42 U.S.C.

§ 1988, pre-judgment interest and costs as allowable by federal law.


24)     In depriving Mr. Mattila of his rights under the United States Constitution, Defendant

City acted under color of law in its capacity as a municipal entity organized under the laws of

Alaska, and its actions and omissions were conducted within the scope of Defendant City's

official duties. This deprivation under color of law is actionable and may be redressed by

42 U.S.C. § 1983.


42 U.S.C. § 1983 – Failure to Discipline

(As to Defendant City of Wasilla)


25) Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully

set forth herein.


26)     At all times relevant to this action, Defendant City had policymaking authority with

respect to the disciplinary practices of the Wasilla Police Department.

27)     Defendant City and the Wasilla Police Department have a de facto custom of failing to

discipline police officers who use excessive force.


28)     Publicity regarding Wasilla Police Department officers' use of excessive force while

arresting put Defendant City on actual or constructive notice of the constitutional violations

resulting from its de facto custom of failing to discipline officers for using excessive

force.


29)     In this case, Defendant City had such actual or constructive notice because Mr. Mattila

filed a formal complaint describing Defendant Burtch's use of excessive and deadly force against

him.


30)     Defendant City failed to discipline Defendant Burtch for use of excessive and deadly

force against Mr. Mattila.


31)     Defendant City adopted official policies, practices and customs that provided for the

failure to supervise and discipline Wasilla Police Department officers when they use excessive

and deadly force. Defendant City accordingly acted with deliberate indifference to the clearly

established rights secured to Mr. Mattila under the United States Constitution, specifically the

Fourth Amendment rights to be free from unreasonable seizures and free from the use of

excessive force against one's person.

32)     By engaging in acts of excessive force against Mr. Mattila that resulted in injuries to his

person, Defendant Burtch acted with impunity because of Defendant City's adoption of the

aforementioned policies, practices and customs.


33)     These policies, practices and customs were the proximate and producing cause of

Mr. Mattilas' injuries.


34)     Due to the injuries suffered by Mr. Mattila, he is entitled to compensatory, economic,

and consequential damages, in amounts to be determined at trial. As a further result of the

Defendants' unlawful conduct, Mr. Mattila may continue to incur other expenses and other

special damages, in amounts to be established at trial.


35)     Mr. Mattila is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988,

pre-judgment interest and costs as allowable by federal law.


36)     In depriving Mr. Mattila of his rights under the United States Constitution, Defendant

City acted under color of law in its capacity as a municipal entity organized under the laws of

Alaska, and its actions and omissions were conducted within the scope of Defendant City's

official duties. This deprivation under color of law is actionable and may be redressed by

42 U.S.C. § 1983.


42 U.S.C. § 1983 – Failure to Train and Supervise

(As to Defendant City of Palmer)

37)     Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

38)     The Palmer Police Department is a department within the City of Palmer, a named Defendant in this case.

39)     At all times relevant to this action, Defendant City had policymaking authority and otherwise controlled the training and supervisory practices of the Palmer Police Department.

40)     Defendant City has a policy, practice and custom of failing to train and supervise police officers with respect to a clear constitutional duty implicated in a recurrent situation that police officers are certain to face—i.e., a simply uncooperative arrestees who pose no threat or risk of flight.

41)     Defendant City should have known that Palmer Police Department officers would be placed in such a situation. Defendant City should have known that, in such a situation, its officers have a clear constitutional duty to avoid excessive and deadly force in the action of arresting such a person. Defendant City should have known that its officers would lack the legal knowledge necessary to avoid the application of excessive and deadly force in that situation

without training and supervision, including on the issue of arresting an otherwise non-threatening suspect who is only partially non-compliant to their demands.

42)     Upon prior experience, information, and belief, officers employed by Defendant City have a history of numerous complaints related to excessive force. This pattern of violations made plainly obvious the need for training and supervising officers on how to avoid using excessive force during routine arrests.

43)     Through the adoption of this policy, practice and custom of failing to train and supervise its police officers to prevent the use of excessive and deadly force, Defendant City acted with deliberate indifference to the clearly established rights secured to Mr. Mattila under the United States Constitution, specifically the Fourth Amendment rights to be free from unreasonable seizures and the use of excessive force against one's person.

44)     By failing to intervene to prevent acts of excessive deadly force against Mr. Mattila that resulted in injuries to his person, Defendant Bystander Officer Clark was acting pursuant to, and within the scope of, Defendant City's policies, practices and customs of failing to train and supervise Palmer Police Department officers.

45)     Defendant City's policies, practices and customs of failing to train and supervise Palmer Police Department officers were the moving force and the proximate and producing cause of Mr. Mattila's injuries.

46)      Due to the injuries suffered by Mr. Mattila, he is entitled to compensatory, economic,

and consequential damages, in amounts to be determined at trial. As a further result of

Defendants' unlawful conduct, Mr. Mattila may continue to incur other expenses and

other special damages, in amounts to be established at trial.

47)      Mr. Mattila is further entitled to attorneys' fees and costs pursuant to 42 U.S.C.

§ 1988, pre-judgment interest and costs as allowable by federal law.

48)      In depriving Mr. Mattila of his rights under the United States Constitution, Defendant

City acted under color of law in its capacity as a municipal entity organized under the laws of

Alaska, and its actions and omissions were conducted within the scope of Defendant City's

official duties. This deprivation under color of law is actionable and may be redressed by

42 U.S.C. § 1983.

42 U.S.C. § 1983 – Failure to Discipline

(As to Defendant City of Palmer)

49) Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully

set forth herein.

50)     At all times relevant to this action, Defendant City had policymaking authority with

respect to the disciplinary practices of the Palmer Police Department.


51)     Defendant City and the Palmer Police Department have a de facto custom of failing to

discipline police officers who use excessive force.


52)     Defendant City failed to discipline Defendant Clark as a bystander officer allowing the

use of excessive and deadly force against Mr. Mattila.


53)     Defendant City adopted official policies, practices and customs that provided for the

failure to supervise and discipline Palmer Police Department officers when they use excessive

and deadly force. Defendant City accordingly acted with deliberate indifference to the clearly

established rights secured to Mr. Mattila under the United States Constitution, specifically the

Fourth Amendment rights to be free from unreasonable seizures and free from the use of

excessive force against one's person.


54)     By engaging in acts of excessive force against Mr. Mattila that resulted in injuries to his

person, Defendant Clark acted with impunity because of Defendant City's adoption of the

aforementioned policies, practices and customs.


55)     These policies, practices and customs were the proximate and producing cause of

Mr. Mattilas' injuries.

56)     Due to the injuries suffered by Mr. Mattila, he is entitled to compensatory, economic,

and consequential damages, in amounts to be determined at trial. As a further result of the

Defendants' unlawful conduct, Mr. Mattila may continue to incur other expenses and other

special damages, in amounts to be established at trial.

57)     Mr. Mattila is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988,

pre-judgment interest and costs as allowable by federal law.

58)     In depriving Mr. Mattila of his rights under the United States Constitution, Defendant

City acted under color of law in its capacity as a municipal entity organized under the laws of

Alaska, and its actions and omissions were conducted within the scope of Defendant City's

official duties. This deprivation under color of law is actionable and may be redressed by

42 U.S.C. § 1983.

(As to Defendants Burtch and Bystander Officers)

59)     Plaintiff hereby incorporates by reference all other paragraphs of this Complaint

as if fully set forth herein.

60)     Plaintiff asserts violations of Alaska law relative to intentional torts by Defendant Burtch

and Bystander Officers.

61)    Defendants acted intentionally, as described herein, to deprive Plaintiff of his

rights under Alaska state law and caused him the injuries and damages described in this

Complaint.

62)    As a direct and proximate result of the intentional acts of Defendants Burtch and

Bystander Officers described herein Mr. Mattila has experienced emotional and psychological

injuries—including mental anguish, humiliation, emotional distress, loss of enjoyment of life,

and other non-pecuniary losses.

63)    Defendants Burtch and Bystander Officers engaged in extreme and outrageous conduct,

and acted maliciously and with specific intent to oppress and harm Mr. Mattila or with reckless

disregard for the consequences of their actions and omissions.

(As to Defendant City of Wasilla)

64)    Plaintiff hereby incorporates by reference all other paragraphs of this Complaint

as if fully set forth herein.

65)    Plaintiff asserts violations of Alaska law by Defendant City of Wasilla for responsibility of

acts of others, acts of its servants, assault, liability for acts causing damages, negligence,

imprudence or want of skill, and requiring the use of reasonable force in effecting a lawful

arrest. Accordingly, as a matter of Alaska law, Defendant City of Wasilla is vicariously liable for

all conduct of, or attributable to, Defendant Burtch and Bystander Officers.

(As to Defendant City of Palmer)

66)    Plaintiff hereby incorporates by reference all other paragraphs of this Complaint

as if fully set forth herein.

67)    Plaintiff asserts violations of Alaska law by Defendant City of Palmer for responsibility of

acts of others, acts of its servants, assault, liability for acts causing damages, negligence,

imprudence or want of skill, and requiring the use of reasonable force in effecting a lawful

arrest. Accordingly, as a matter of Alaska law, Defendant City of Palmer is vicariously liable for

all conduct of, or attributable to, Defendant Clark as a Bystander Officer.

NATURE OF ALL DEFENDANTS' ACTIONS

68)    Defendants acted maliciously and oppressively in violating Mr. Mattila's clearly

established rights under United States and Alaska law by unjustified excessive and deadly force,

Bystander officers failing to intervene, and collusion to cover up these actions. As a result of

Defendants' unlawful conduct as alleged herein, Mr. Mattila has suffered, and will continue to

suffer, the above stated damages in an amount according to proof, including attorney fees and

costs, to remedy the unlawful conduct.

PRAYER FOR RELIEF WHEREFORE

69)     Mr. Mattila prays for the following relief from Defendants, and each of them, for each of

the above causes of action: (i) For compensatory damages, including general and special

damages, according to proof; (ii) For punitive damages pursuant to 42 U.S.C. §1983 and Alaska

law, and any other applicable laws or statutes, in an amount sufficient to deter and make an

example of each non-governmental entity Defendant; (iii) For statutory damages, according to

proof; (iv) For prejudgment interest according to proof; (v) For reasonable attorney fees

pursuant to 42 U.S.C. §§ 1983, 1988; and any other applicable provisions; (vi) For costs of suit;

and (vii) For such further relief which is just and proper.

Lonny Martulik
3474 N. Brocton Ave. #1
Wasilla, AK 99654



Anchorage PBDC 995.RI
TUE 12 MAR 2024 PM

$4.03
US POSTAGE

United States District Court
Clerks Office
222 W. 7th Avenue, #4/Suite 229
Anchorage AK 99513-7564