# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LONNY P. MATTILA,

        Plaintiff,

v.

CITY OF WASILLA, et al.,

        Defendants.

Case No. 3:24-cv-00056-SLG

## ORDER RE PENDING MOTIONS

On March 14, 2024, self-represented litigant Lonny P. Mattila ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive payment of the filing fee, a motion to accept his late filings, and a motion to stay this action pending the resolution of his ongoing state criminal proceedings.[1] Plaintiff alleges that on or about February 6, 2022, police officers illegally searched and seized him, used excessive force, failed to protect him, and fabricated evidence against him.[2] Plaintiff also brings claims against the cities of Wasilla and Palmer for failure to train, failure to supervise, and failure to discipline its police officers.[3] For relief, Plaintiff seeks compensatory damages, punitive damages, statutory damages,

---

[1] Dockets 1–5.

[2] Docket 1.

[3] Docket 1 at 9, 16–25.

prejudgment interest, costs and fees.[4]

Pursuant to Rule 201 of the Federal Rules of Civil Procedure, the Court takes judicial notice[5] of Plaintiff's ongoing criminal prosecution in state court in *State v. Mattila,* Case No. 3PA-22-00215CR.[6] Plaintiff requests the Court stay this federal case pending the outcome of the state criminal proceeding. For the reason explained below, the motion for stay is granted. Therefore, the Court refrains from screening the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, pending the conclusion of Plaintiff's state criminal case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[4] Docket 1 at 29.

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[6] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[7] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:24-cv-00056-SLG, *Mattila v. City of Wasilla, et al.*
Order re Pending Motions
Page 2 of 11
Case 3:24-cv-00056-SLG   Document 8   Filed 07/02/24   Page 2 of 11

> (iii) seeks monetary relief against a defendant who is immune from such relief.[8]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Additionally, although the scope of review generally is limited to the contents of the complaint, a district court also may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[11] Information that contradicts the allegations of a complaint may fatally undermine the complaint's allegations.[12]

Before a district court may dismiss any portion of a complaint, it must provide a plaintiff with an opportunity to file an amended complaint or otherwise address the problems, unless to do so would be futile.[13] However, a district court cannot

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[10] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[13] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)). *See also Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (explaining futility exists when "the allegation of other

act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[14]

## MOTION TO STAY

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[15] "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."[16]

In deciding whether to grant a stay, the Ninth Circuit instructs courts to weigh "the competing interests which will be affected," which include (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues,

---

facts consistent with the challenged pleading could not possibly cure the deficiency.").

[14] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

[15] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[16] *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).

Case No. 3:24-cv-00056-SLG, *Mattila v. City of Wasilla, et al.*
Order re Pending Motions
Page 4 of 11
Case 3:24-cv-00056-SLG     Document 8     Filed 07/02/24     Page 4 of 11

proof, and questions of law which could be expected to result from a stay."[17] "The proponent of a stay bears the burden of establishing its need"[18] and "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else."[19] "Generally, stays should not be indefinite in nature" and "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."[20]

A litigant may bring a claim for damages for the deprivation of a constitutional right under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 does not confer constitutional or federal statutory rights but provides a mechanism for remedying violations of pre-existing federal rights.[21] However, some "elements and rules may also be shaped by common-law tort principles, against whose backdrop § 1983 was enacted."[22] Some claims—such as fabricated evidence and malicious prosecution—are not cognizable until the resulting criminal charges have been

---

[17] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

[18] *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citation omitted).

[19] *Landis*, 299 U.S. at 255.

[20] *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted).

[21] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[22] *Chiaverini v. City of Napoleon, Ohio,* 602 U.S. --, 144 S. Ct. 1745, 1750 (2024) (citing *Manuel v. Joliet,* 580 U. S. 357, 370 (2017)).

Case No. 3:24-cv-00056-SLG, *Mattila v. City of Wasilla, et al.*
Order re Pending Motions
Page 5 of 11
Case 3:24-cv-00056-SLG   Document 8   Filed 07/02/24   Page 5 of 11

dismissed or the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.[23] Accordingly, the statute of limitations does not begin to run for such claims until the criminal proceedings against a litigant are terminated in his favor.[24] However, other claims—such as false arrest and excessive force—begin to run earlier, regardless of the status of any criminal charges.[25]

"Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

---

[23] *Heck v. Humphrey,* 512 U.S. 477 (1994). *See also Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding that *Heck* barred plaintiff's § 1983 claim of wrongful arrest because a wrongful arrest "could not have occurred unless he were innocent of the crimes for which he was convicted"); *Thompson v. Clark,* 596 U.S. 36, 44 (2022) ("In accord with the elements of the malicious prosecution tort, a Fourth Amendment claim under § 1983 for malicious prosecution requires the plaintiff to show a favorable termination of the underlying criminal case against him."); *Bradford v. Scherschligt*, 803 F.3d 382, 387–89 (9th Cir. 2015) (claim for deliberate fabrication of evidence accrues when charges are fully and finally resolved and can no longer be brought against defendant; here, acquittal at retrial).

[24] *McDonough v. Smith*, 588 U.S. 109 (2019).

[25] *See, e.g., Wallace v. Kato,* 549 U.S. 384, 393–394 (2007) (holding a Section 1983 claim for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process," even "where the arrest is followed by criminal proceedings."); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (plaintiff's excessive force claim accrued on date of arrest because claim, if successful, would not necessarily imply the invalidity of his conviction).

Case No. 3:24-cv-00056-SLG, *Mattila v. City of Wasilla, et al.*
Order re Pending Motions
Page 6 of 11
Case 3:24-cv-00056-SLG   Document 8   Filed 07/02/24   Page 6 of 11

already been invalidated."[26] "If the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed absent some other deficiency."[27]

Nevertheless, claims related to rulings that will likely be made in a pending or anticipated criminal trial may be stayed pending the close of the criminal proceedings.[28] For example, if a plaintiff files a false-arrest or excessive force claim before he has been convicted, "it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."[29] And courts "have routinely granted stays where there are overlapping issues of fact or law with a case before different [ ] courts or on appeal."[30]

For these reasons, this action is STAYED pending the conclusion of Plaintiff's state criminal proceeding in Case No. 3PA-22-00215CR. Plaintiff shall

---

[26] *Heck,* at 487.

[27] *Id.* at 477.

[28] *Wallace v. Kato,* 549 U.S. 384, 393–394 (2007).

[29] *See, e.g., Wallace,* at 393–394 (holding a Section 1983 claim for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process," even "where the arrest is followed by criminal proceedings."); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (plaintiff's excessive force claim accrued on date of arrest because claim, if successful, would not necessarily imply the invalidity of his conviction).

[30] *Vance v. Google LLC,* Case No. 5:20-CV-04696-BLF, 2021 WL 534363, at *3 (N.D. Cal. 2021) (collecting cases).

Case No. 3:24-cv-00056-SLG, *Mattila v. City of Wasilla, et al.*
Order re Pending Motions
Page 7 of 11
Case 3:24-cv-00056-SLG   Document 8   Filed 07/02/24   Page 7 of 11

file a Status Report in this case every six months and upon the termination of the state proceedings. If Plaintiff is ultimately convicted, and if any of the stayed claims would impugn that conviction, *Heck v. Humphrey* will require dismissal.[31] Otherwise, this action may proceed, absent some other bar to suit.[32] Therefore, upon the close of state proceedings, Plaintiff shall file either an amended complaint or a notification that he intends to proceed on his original complaint filed at Docket 1. Then the Court will screen Plaintiff's claims pursuant to 28 U.S.C. § 1915 to determine if any claims may proceed to the next stage of litigation.

## MOTION TO ACCEPT LATE FILING

If a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[33] A statute of limitations bars claims after a specified based on the date when the claim accrued (as when the injury occurred or was discovered).[34] Because Section 1983 does not contain its own statute of limitations, federal courts apply the state's statute of limitations for

---

[31] *Cf. Bradford v. Scherschligt*, 803 F.3d 382, 387–89 (9th Cir. 2015) (claim for deliberate fabrication of evidence accrues when charges are fully and finally resolved and can no longer be brought against defendant; here, acquittal at retrial). *But see Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (plaintiff's excessive force claim accrued on date of arrest because claim, if successful, would not necessarily imply the invalidity of his conviction).

[32] *Edwards v. Balisok,* 520 U.S. 641, 649 (1997); *Heck,* 512 U.S., at 487.

[33] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[34] STATUTE OF LIMITATIONS, Black's Law Dictionary (11th ed. 2019).

Case No. 3:24-cv-00056-SLG, *Mattila v. City of Wasilla, et al.*
Order re Pending Motions
Page 8 of 11
Case 3:24-cv-00056-SLG   Document 8   Filed 07/02/24   Page 8 of 11

personal injury actions.[35] In Alaska, the statute of limitations for personal injury claims is two-years.[36]

Although the statute of limitations is an affirmative defense that may be waived by the defendant, it may be appropriate to dismiss a claim at the screening stage when untimeliness is apparent from the face of the Complaint.[37] However, as explained above, the statute of limitations for some of Plaintiff's claims may not have begun to run, and the Court has yet to determine the accrual dates for Plaintiff's claims. Nor has the Court considered tolling or other grounds sufficient to overcome the applicable statute of limitations.[38]

Accordingly, Plaintiff's motion for the Court to accept his "late filing" at Docket 4 is granted. However, a plaintiff cannot simply overcome a statute of limitations by request, and the Court retains the ability to dismiss any untimely claim when the complaint is screened or pursuant to a defendant's motion at a later date.

---

[35] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). *See also Douglas v. Noelle,* 567 F.3d 1103, 1109 (9th Cir. 2009) ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling.").

[36] Alaska Statute § 09.10.070.

[37] *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citations omitted). *See also Belanus v. Clark*, 796 F.3d 1021, 1024-25 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations).

[38] *Cf. Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply).

Case No. 3:24-cv-00056-SLG, *Mattila v. City of Wasilla, et al.*
Order re Pending Motions
Page 9 of 11
Case 3:24-cv-00056-SLG   Document 8   Filed 07/02/24   Page 9 of 11

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion to accept late filing at **Docket 4 is GRANTED.**[39]

2. Plaintiff's motion for a stay at **Docket 5 is GRANTED.**

3. Plaintiff shall file a **Status Report every six months** in this case regarding the status of the state criminal case until the state case is closed. The first status report shall be filed no later than January 2, 2025.

4. Upon the close of the state criminal case, Plaintiff shall either file an amended complaint, a notification that he intends to proceed on his remaining claims, or a notice of voluntary dismissal.

5. Plaintiff's application to waive payment of the filing fee at **Docket 3 is GRANTED.**

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[40] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

7. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

---

[39] The Court's acceptance shall not have any impact on later consideration of the timeliness of the claims.

[40] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:24-cv-00056-SLG, *Mattila v. City of Wasilla, et al.*
Order re Pending Motions
Page 10 of 11
Case 3:24-cv-00056-SLG   Document 8   Filed 07/02/24   Page 10 of 11

8.      At all times, all parties shall keep the Court informed of any change of address or phone number.  Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address, and its effective date.[41]  The Notice shall not include requests for any other relief.  A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.  If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

9.      With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 2nd day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[41] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00056-SLG, *Mattila v. City of Wasilla, et al.*
Order re Pending Motions
Page 11 of 11
Case 3:24-cv-00056-SLG   Document 8   Filed 07/02/24   Page 11 of 11